May it please the court, Alan Ise representing the petitioner Henry Lidsbey. I'm going to make a brief introduction to the case in order to make it clear what this case is about for everybody who's listening. My client entered a plea of guilty to the crime of sexual battery by restraint. The question in this case is whether that crime presents a substantial risk of violence within the meaning of federal immigration and criminal law. And in one sense it's a very simple case because there's only one issue presented. If it is a crime of violence within the meaning of federal immigration and criminal law, then my client is removable from the United States. If it is not, he is a permanent lawful resident and allowed to remain. Now, the question is actually fairly difficult. And it raises the issue of what we mean, what the federal criminal code means, 18 U.S.C. section 16B, when it defines a crime of violence as a crime that creates a substantial risk, substantial risk that physical force will be used in the commission of a crime. And it is our position that to answer that question, we need to examine two things. First, the nature of the crime, the inherent nature of the crime. And that nature is determined by California law. Ultimately, this is a question of federal law, but we have to examine the crime that was created by and that is enforced by California law. Secondly, we have to come up with some type of a definition of substantial risk. And in coming up with that definition, we have to adhere to the rule of lenity because section 16B is a part of the federal criminal code and is applied in criminal context. And the Supreme Court has recently made it clear that any ambiguities in that statute should be construed in favor of the accused or in the case of deportation of the accused. And the individual subject to deportation. Let me back up just for a second. We're talking about, as you properly say, a substantial risk of physical force or physical force. What does physical force mean? And I'll tell you what I'm thinking. I learned in first year law school, probably you did also, that battery involves touching. I mean, I can't commit a battery without touching somebody. And we were told that even touching is enough force to constitute a battery. So why isn't a battery per se physical force? That's an excellent question. And in a sense, gets us into the physics of force. Exactly. And I believe the, you cite the case, I can't think of the name right now, Seventh Circuit, an opinion by Judge Easterbrook addressed this exact issue. The California battery statute requires the least touching. It doesn't require any exertion of what in lay terms we would normally think of as physical force. So the least touching can constitute a battery. So what is the definition of force and where do we find it? Well, I think force. I think we find the definition of force by in the same way we find the definition of substantial by reference to the crimes Congress was thinking about when it passed the Comprehensive Crime Control Act. And it was thinking about crimes like murder, rape and the like. So crimes in which violence is an inherent part of the crime. So didn't say violence, though. So physical force. But the circuits have made it clear that physical force means something more than just the exertion of a touching. Well, this is not just patting somebody on the back, is it? No, that's correct. The crime at issue here involves. The crime requires the least touching of an intimate body part of a person against their consent. But it is a touching. You're talking intimate parts. Yes. During unlawful restraint, touching against the will and for the purpose of sexual arousal, sexual gratification or sexual abuse. That's correct. That's correct. And each one of those four are not a single one of those elements under California law requires any showing of physical force. California cases, people versus Arnold, people versus Grant are abundantly clear on this. We don't have to blink reality, do we? I don't understand that. When you were touching an intimate bodily part against someone's will. While restrained. Is it just by common sense involves the likelihood of substantial likelihood of force. I very, very respectfully disagree with that, Your Honor, because what you're doing is exactly what I think the Supreme Court has instructed us not to do in the context of the criminal law is to exercise something we call common sense, because common sense is what we just happen to believe to be true. It's very clear that under the case law in California, this crime can be committed without any showing of force whatsoever. Whatsoever. And the California courts have, in fact, found people guilty of this crime. Affirmed cases where their argument was, but I didn't use any force. And the courts have said, well, you're misunderstanding our statute. You don't have to use force. So I know that when I started working on this case, I had the exact same response that you had as well. Sexual battery, it must be a crime of violence. It must involve physical force. But I have to take the case as the state, the case and the law as California defines it. It doesn't have to be attempted use, attempted use, threatened use of physical force. It does not have to. It does not. The California law does not require that. And I would like to address the unlawful restraint. I was reading the federal statute. Substantial use, yes. Substantial risk of force. But I think we have to start with the inherent nature of the California crime, which is defined under California law as not a crime of violence. It is not an attempted rape. It's not a lesser included offense of rape. So under California law, it is not a crime of violence, does not require violence, does not require force, even in the restraint. The restraint can be psychological. And the restraint in one case was a gym teacher closed one door in a gym and the victim exited by another door. And the court said that's enough for physical restraint. When you were in the Ninth Circuit, of course, which is the western part of the United States. But when you look at, for example, the Fifth Circuit in the Zidey case, it seems to decide the question differently than you would. The intentional touching qualifies. You look at the Tenth Circuit, the Second Circuit. All the other cases that I found suggest that you're wrong. That simply touching under these circumstances is enough. I've been wrong before. What's your response to these other cases? My response is two responses. First, I will put Zaidi aside for a second and talk about the other cases. Although the government's brief says several circuits that have addressed this issue have all said Mr. Ives is wrong. But in fact, none of those cases have applied 16B in the context of sexual battery between adults. Those cases either involve other federal statutes that involve not the use of force but the risk of injury, which is a different standard according to the Leopold Court. So those are all distinguishable. Or they involve sexual battery in the context of an adult and a minor. The only case that involves 16B and sexual battery between an adult and an adult is the Zaidi case. And I would submit that the Zaidi case is wrong. And who decided that? The Fifth Circuit decided that case. And it decided it before the Supreme Court's decision in Leocal, which mandated application of the rule of lenity in the context of 16B, which also said that in the Zaidi case specifically relied on the risk of injury line of cases. And the Supreme Court in Leocal said you cannot rely on that line of cases in determining what physical force is under 16B. So it's wrong for that reason. And finally, Zaidi is wrong because there's absolutely no reasoning in that opinion. It simply says we think that sexual battery is a crime of violence within the meaning of 16B. So I just don't think it's a very convincing opinion. It's a severe experience in common sense, I guess, which you tell us we shouldn't do. Well, what about the only guidance we have from the Supreme Court here, which is what is binding on us, because the Fifth Circuit is in Texas and Louisiana. But the Supreme Court said it had a case involving drunk driving in someone who was – that caused an injury. The Leocal case. The Leocal case. And what the Supreme Court seemed to say was that what this statute is talking about is active crimes, and that was a crime that involved accidental or negligent conduct. So isn't this intentional touching of a body part more like an active crime than the drunk driving? I agree with the second thing that Your Honor said, but I don't agree with the inference that I think you'd like me to draw from that. I don't think the Supreme Court was saying all active crimes are covered by 16B. It was saying non-active, non-intentional, non-volitional crimes are clearly not. And to that extent, the case doesn't help us. But I think the way it does help us is when the Supreme Court makes it clear that 16B is not an all-inclusive category. And I would like to emphasize, I think the approach the government wants us to adopt, and I know to go against common sense is inconsistent with common sense, but I think we have to, because otherwise it's a pick-and-choose approach. In our subjective judgment, we feel, based on no empirical information, that this must be the way sexual batteries are committed, and they must be the kind of crimes that lead to physical force. But if we think about it — You're working hard. Can I ask just one more question? Yeah. What do we do with the language in Leocal that says a burglary would be covered under 16B, not because the offense can be committed in a generally reckless way or because someone may be injured, but because burglary by its nature involves a substantial risk that the burglar will use force against the victim in completing the crime? Why can't you transport that analysis into this case and say somebody touching the intimate parts of a person under restraint for the purpose of sexual arousal involves a substantial risk that the toucher will use physical force against the victim? I think you can do that, but there are some problems with it. One, sexual battery and burglary are not the same crime. So I think we really need to study sexual battery and say, okay, under what circumstances? Substantial risk means more likely than not this is going to happen. There's going to be violence. And our brief addresses that. And I don't think there's any empirical proof that that is true. Secondly, the reason the Supreme Court used burglary in dicta is because that's the example given in the Senate report of crimes that would fit. And so the Supreme Court said, well, yes, like burglary. But never really, if you read the Laocale opinion, never explains why burglary is. But you can commit a burglary with nobody in the house. True. But you can't commit a sexual battery against a human being without somebody else present. Anyway. Okay. Thank you. Thank you. You've done a good job for your client. Thank you. We'll hear from the government. Good morning. May it please the Court. Russell Verby on behalf of Attorney General Alberto Gonzalez. This case truly does boil it down to whether the particular offense committed qualifies as that Section 16B crime of violence. We know that we have to have the sexual touching. It has to be by restraint. It has to be against the person's will. We measure that standard in the categorical approach taken from Taylor versus the United States. And you look only at the elements of the offense and the nature of the offense, not looking at the facts and not looking at how the state categorizes the offense. Because one state can categorize this offense differently from another, and a federal law like 16B has to be applied throughout the nation, has to be applied consistently. So it doesn't matter how the state views the offense. We simply look at the definitional elements and apply them to the standard. So the question is whether this case involves a substantial risk of physical force being applied during the commission of the offense. The touching must occur to the victim's private area unless the actual skin contact. You can't just touch a person inadvertently over their clothes without their consent. Whenever you touch a person against their consent, you have to overcome their will. Granted, there are situations where it may happen without actually having to be used. Where does it say skin to skin? Actually, I believe, Your Honor, it is the victim's bare skin must be touched. That's California Penal Code 243.F. The victim's bare skin. Bare skin must be touched, Your Honor. But what does it say anything about the skin of the toucher? It doesn't say anything, Your Honor. So you can use an inanimate object to complete the crime and still be guilty of it. I thought I heard you say skin to skin. If I did, Your Honor, I misspoke. But you have to at least touch the victim's skin. And in doing so, you have to overcome their will. While it may not actually take physical force in every case, that's not the standard. It's just is there a substantial risk that force may be used? When you have to overcome somebody's will, you may, and there's a substantial risk you will have to use force to do so. Add to that another layer, that you have to actually physically, that you have to actually restrain this person. The restraint doesn't always have to be physical. But substantial risk when you have to overcome someone's freedom, overcome someone's will or what have you, you again are placing this into a substantial risk. You're going to have to use force in the commission of the crime. But with the statute, there's still more because you actually have to touch the person's private areas, an area that has, that is protected by people in a general sense. And, again, creates an even greater substantial risk that there is going to be physical force used. If you look at other circuits, you can see that non-consensual sexual battery cases pretty much do fall into Section 16B. The Zaidi case is probably the best example. Zaidi case, I'm sorry, is probably the best example, even though it didn't involve restraint. It did involve adults. Granted, there isn't much of an explanation of why. But, again, common sense does seem to come in here that when you're talking about a person's lack of consent and touching their private areas, you present a substantial risk that there is going to be force used to commit the offense. There are other arguments in Mr. Lisby's brief with respect to every crime could potentially have a or carry a risk of force being used, let's say, to avoid apprehension, even if it's just shoplifting or even if it's tax evasion. That's not how we measure this statute. We measure the statute in the commission of the offense to actually carry out the elements, is that substantial risk present? And I believe in this case there is. So if there are no further questions. If we were to disagree with you and conclude that this is not a crime with substantial risk of violence, then we would be disagreeing with the other courts that have decided, that have agreed with the government on this issue. But when it comes in the sense that you're talking about a nonconsensual sexual touching offense, yes, there probably would be some sort of circuit split, Your Honor, to that extent. But this statute is different. It has the restraint element into it, which adds another layer of physical force. I think it's even greater than the other cases out there. And even if we were to disagree with you, the Justice Department might decide to go to the Supreme Court and ask the Supreme Court to disagree with us? I would certainly recommend it, Your Honor. I mean, that's all I can say at this point. I can't speak for the Solicitor General, but I'd be banging on the desk. Is the battery itself enough to constitute physical force, or does it require something in addition to a simple touching battery? I think the problem arises, Your Honor. I know I looked at this case originally and thought, why isn't this a 16A case? You know, there was physical force being used. And I think the problem comes in semantically. And for once, a semantic difference actually makes a difference, because some of the cases talk about physical injury, which is what we were taught in law school, that any touching, no matter how slight, is a physical injury, versus physical force, which may actually be something different, and which means, I mean, applying some sort of physical coercion to get something done beyond maybe just simply the physical injury touching battery. So I think that's why this case stayed in the 16B. And since it has stayed in 16B, I'm constrained to stay in 16B. So precisely what is the physical force that we would be looking for, in addition to the simple battery itself? In this particular case? Categorically. The physical force could be, I would think, any – unfortunately, it comes down to contact again, in addition to the battery. The person tries to get away. In this case. That person will be grabbed. Absolutely, Your Honor. In this case, if the victim begins to struggle to retain that particular restraint. They'll be subdued. They'll be subdued in some way. There will be physical pressure or physical coercion applied to this person in some way, shape, or form during the commission of the offense to carry it out. And that's what sets this case into the substantial risk of physical force category. So if there are no further questions, the Attorney General simply asks that this case be found to involve a violent crime under Section 16B. Therefore, it is an aggravated felony which deprives the court of jurisdiction, and the petition for review must be dismissed. Thank you. Thank you. Does anyone have any questions? Do you want to add something? We'll be generous. The one thing I noticed about the government's argument is that they never provided a definition of substantial. Still, they have no idea what it is. And when asked, Judge Trott, when you asked, well, what would be the force? The answer was, well, if somebody resisted, there would be a struggle and so on. That is pure guesswork. It's just as likely if somebody resists that the perpetrator will stop. The crime is committed by the touching. And if the person resists the touching, for all we know, that's the end of the crime. The crime has been committed, but there is no further violence. That's why I was taken by the Supreme Court's statement that a burglary qualifies, because you don't even have to have somebody in the house for a burglary. But yet they say, well, we all know that some burglars beat up the member of the household if the household member comes back or is there. So that seemed to be enough for the Supreme Court in dicta. In dicta. Thank you. Okay. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Bailey v. City of Riverside. Do we have counsel here for? Sorry. Okay. Thank you. We'll wait just a moment. Very orderly group. You may proceed.
judges: Schroeder, Pregerson, Trott